1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  1900 Camden Avenue, Suite 101
   San Jose, California 95124
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorney for Plaintiff
   Gerardo Hernandez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO HERNANDEZ, | No. 3:24-cv-04545-SK |
| Plaintiff, | **MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE GENERAL ORDER 56 REQUIREMENTS, TO EXTEND DEADLINE FOR SETTLEMENT MEETING AND NOTICE OF SETTLEMENT/NOTICE OF NEED FOR MEDIATION; ORDER** |
| vs. | |
| BELMONT 76 SERVICE, INC., et al., | |
| Defendants. | |

Plaintiff, Gerardo Hernandez ("Plaintiff"), hereby moves this Court for administrative relief under Local Rule 7-11 and General Order 56 ¶ 3 to enforce General Order 56's requirements by compelling Defendants Belmont 76 Service Inc. and Diana M. Batshon, Trustee of the Batshon Family Trust, dated July 14, 1992 (collectively "Defendants") to produce initial disclosures as required by General Order 56 ¶ 4, and to cooperate in scheduling the settlement meeting required by General Order 56 ¶ 8.

The General Order 56 requirements are mandatory, and were designed by the Northern District to facilitate resolution of ADA cases. Paragraph 3 of General Order 56 provides that: "Requests […] to be relieved of any of the requirements of this Order, or to enforce any of the

MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE GENERAL ORDER 56 REQUIREMENTS; ORDER

Page 1

1  requirements of this Order may be made by stipulation and proposed order under Civil Local
2  Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11." No party
3  has filed a request to be relieved from the General Order 56 requirements, nor is there good cause
4  to do so.
5        Plaintiff has made diligent attempts to meet and confer on these issues, as set forth in the
6  Declaration of Tanya E. Moore, filed herewith ("Moore Decl."). Defendants have not responded
7  to these meet-and-confer efforts, and therefore Plaintiff is filing this unilateral request at this
8  time to ensure it is brought sufficiently in advance of the current deadlines.

### Argument

**I.    Defendants have failed to cooperate in scheduling the required settlement meeting.**

13        This case seeks, in part, relief pursuant to Title III of the Americans with Disabilities Act
14  ("ADA"), and is therefore controlled in this Court by the procedures established by General
15  Order 56 ("G.O. 56"). The parties conducted the joint site inspection required by G.O. 56 on
16  December 17, 2024. (Moore Decl., ¶ 2.) Under G.O. 56, the settlement meeting must be
17  conducted within 35 days of the joint site inspection. Plaintiff has already had to request an
18  extension of the settlement meeting due to lack of cooperation from Defendants in scheduling
19  the meeting to take place by the original deadline. (*See*, Dkt. 32.) In granting Plaintiff's request,
20  the Court extended the time to complete the settlement meeting to February 25, 2025, and
21  ordered the parties to file a Notice of Settlement of ADA Action or Notice of Need for Mediation
22  (G.O. 56, ¶ 9) within one week of the meeting.
23        Plaintiff has diligently attempted to obtain Defendants' cooperation in scheduling the
24  required settlement meeting but Defendants have been unresponsive to Plaintiff's efforts. (Moore
25  Decl., ¶¶ 6-10.) Plaintiff therefore asks that the Court compel Defendants to cooperate with
26  scheduling of the settlement meeting and come to an agreement no later than March 7, 2025 on
27  a date for the meeting.
28  ///

**II.      Defendants have served incomplete initial disclosures as required by G.O. 56.**

G.O. 56 ¶ 4 requires that initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be completed no later than 7 days prior to the joint site inspection, and provides that upon request, copies of the documents identified in initial disclosures must be provided to the opposing party.

G.O. 56 also specifically provides: "Defendant shall disclose all information in defendant's possession or control regarding the construction or alteration history of the subject premises if defendant intends to dispute liability on that basis," and "[i[f a defendant claims the injunctive relief sought is not readily achievable, that defendant shall disclose all information in its possession or control supporting that defense, including information pertaining to the factors stated in 42 U.S.C. § 12181(9) and to any alternative methods that are used to provide access."

Plaintiff's counsel has requested that Defendants produce copies of the documents identified in the initial disclosures as required by General Order 56, paragraph 4(b), as well as disclosure of any policies that have been implemented to facilitate access to the business via alternative accommodations. (Moore Decl., ¶¶ 4-5.) Despite numerous follow-ups, this information and documents have never been produced. (*Id.*) Furthermore, the Court has expressly ordered Defendants to produce the documents identified in their initial disclosures, including information on any policies relating to accessibility (if applicable), by February 3, 2025 (Dkt. 33). Defendants have ignored the Court's Order.

The information that G.O. 56 requires to be disclosed by Defendants is important to the plaintiff's evaluation of which accessibility standards to apply to the facility, and whether there is any potential for dispute over barrier removal being readily achievable. For this reason, under G.O. 56 which was designed to facilitate the settlement process, this information is required to be produced prior to the joint site inspection. Plaintiff asks that the Court order Defendants to serve fully compliant initial disclosures, including all the information required under G.O. 56, by March 7, 2025.

///

**Conclusion**

The current deadline to conduct the G.O. 56 settlement meeting is February 25, 2025. To permit sufficient time to obtain Defendants' cooperation in scheduling and to conduct the settlement meeting, Plaintiff requests that the deadline to complete the settlement meeting be continued from February 25, 2025 to March 25, 2025. Plaintiff requests that the deadline for the parties to file a Notice of Need for Mediation and Certification of Counsel, or Notice of Settlement of ADA Access Case, pursuant to G.O. 56 ¶ 9, remain as set one week following the settlement meeting.

Plaintiff additionally respectfully asks that the Court order Defendants to cooperate in the scheduling of the settlement meeting and to agree no later than March 7, 2025 to a date for the meeting, which shall take place no later than March 25, 2025; that Defendants be ordered, once again, to produce the documents identified in their initial disclosures, including information on any policies relating to accessibility (if applicable), by March 7, 2025; and that Defendants be admonished that continuing failure to cooperate in the G.O. 56 process may subject them to sanctions.

Dated: February 21, 2025                    MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorney for Plaintiff,
Gerardo Hernandez

MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE GENERAL ORDER 56 REQUIREMENTS; ORDER

**ORDER**

The Court having considered the motion of Plaintiff for administrative relief under General Order 56, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. Defendants shall cooperate in the scheduling of the settlement meeting under General Order 56, and shall agree no later than March 10, 2025 to a date for the inspection, which shall take place no later than March 25, 2025;

2. The deadline to conduct the settlement meeting under General Order 56 is hereby CONTINUED from February 25, 2025 to April 29, 2025;

3. The Parties shall file a Notice of Settlement of ADA Access Case or Notice of Need for Mediation and Certification of Counsel within one week of the settlement meeting;

4. Defendants shall produce the documents identified in their initial disclosures, including information on any policies relating to accessibility (if applicable), no later than March 10, 2025; and

5. Defendants are admonished that continuing failure to cooperate in the G.O. 56 process will subject them to sanctions.

**IT IS SO ORDERED.**

Dated: March 5, 2025

_United States Magistrate Judge_

MOTION FOR ADMINISTRATIVE RELIEF TO ENFORCE GENERAL ORDER 56 REQUIREMENTS; ORDER

Page 5